**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STARROTOR CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION No. 4:18-cv-00453-ASH |
| | ) | |
| v. | ) | Hearing Date: |
| | ) | Judge: Hon. Andrew S. Hanen |
| YASA LIMITED, | ) | Third Floor, Courtroom No. 6 |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

## DEFENDANT YASA LIMITED'S MOTION TO TRANSFER

## TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................................. 2

II.  STATEMENT OF THE NATURE AND STAGE OF THIS PROCEEDING ....................... 4

III. LEGAL STANDARDS ....................................................................................................... 6

IV.  ARGUMENT ...................................................................................................................... 8

        A.      This Case Could Have Been Brought in the Northern District of California ........ 8

        B.      The Private Interest Factors Weigh Heavily in Favor of Transfer ......................... 8

                1.      Access to Sources of Proof ...................................................................... 8

                2.      The Availability of Compulsory Process for Unwilling Witnesses .......... 10

                3.      The Cost of Attendance for Willing Witnesses ....................................... 11

                4.      All Other Practical Problems that Make Trial of a Case Easy, Expeditious and Inexpensive .................................................................. 13

                5.      The Administrative Difficulties of Court Congestion Favor a Transfer ................................................................................................. 14

                6.      The Local Interest of Adjudicating Local Disputes Favor a Transfer ................................................................................................. 15

                7.      The Familiarity with the Applicable Law Factor is Neutral ..................... 16

                8.      The Conflict of Law and Foreign Law Factor Is Neutral ........................ 17

V.   CONCLUSION ................................................................................................................ 17

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Affinity Labs of Tex., LLC v. Blackberry Ltd.*,
  NO. 6:13–CV–362, 2014 WL 10748106 (W.D. Tex. June 11, 2014) ...............................14, 18

*Davies Innovations, Inc. v. Strum, Ruger & Co.*,
  NO. 3:15–cv–282, 2016 WL 8114127 (S. D Texas, July 31, 2016)...........................17, 18, 20

*Fieldwood Energy LLC v. Ocean Marine Contractors, LLC*,
  No. 4:14–3694, 2016 WL 8458083 (S.D. Tex. Aug. 24, 2016) .............................................12

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009)....................................................................13, 17, 18, 19

*In re Hoffman-La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009)....................................................................................20, 21

*In re Horseshoe Entm't*,
  337 F.3d 429 (5th Cir. 2003) .....................................................................................11, 13

*In re HTC Corp.*,
  889 F.3d 1349 (Fed. Cir. 2018)..........................................................................................13

*JPT Group, LLC v. Balenciaga*,
  NO. H–16–1596, 2017 WL 570959 (S.D. Tex. Feb. 10, 2017).....................10, 11, 13, 16, 17

*Kilbourne v. Apple Inc.*,
  No. H-17-3283, 2018 WL 3954864 (S.D. Tex. July 27, 2018) .......................6, 10, 14, 16, 17

*LeBlanc v. C.R. Eng., Inc.*,
  961 F. Supp. 2d 819 (N.D. Tex. 2013) .................................................................................12

*Mills v. Beech Aircraft Corp.*,
  886 F.2d 758 (5th Cir. 1989) ..........................................................................................7, 11

*Minka Lighting, Inc. v. Trans Globe Imports, Inc.*,
  No. 3:02-cv-2538, 2003 WL 2151684 (N.D. Tex. May 23, 2003).........................................20

*Pers. Audio, LLC v. Google, Inc.*,
  280 F. Supp. 3d 922 (E.D. Tex. 2017).................................................................................11

*Peteet v. Dow Chem. Co.*,
   868 F.2d 1428 (5th Cir. 1989) ........................................................................7, 11

*In re Radmax, Ltd.*,
   720 F.3d 285 (5th Cir. 2013) ...............................................................................19

*Sandbox Logistics LLC v. Grit Energy Sols. LLC*,
   No. 3:16-CV-12, 2016 WL 4400312 (S.D. Tex. Aug. 17, 2016) ..........................16

*Spiegelberg v. Collegiate Licensing Co.*,
   402 F. Supp. 2d 786 (S.D. Tex. 2005) ................................................................13

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) (en banc) .............................................7, 11, 12, 15

**Statutes**

28 U.S.C. § 1391(c)(3) ...........................................................................................13

28 U.S.C. § 1404(a) ...........................................................................1, 2, 6, 7, 14

**Other Authorities**

Fed. R. Civ. P. 45(c)(1) ..........................................................................................15

## <u>NOTICE OF MOTION AND MOTION TO TRANSFER</u>

TO PLAINTIFF STARROTOR CORPORATION AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant YASA Limited ("YASA") does hereby move the Court, pursuant to 28 U.S.C. § 1404(a), for an order transferring this case to the United States District Court for the Northern District of California.  This Motion is made on the grounds that the Northern District of California is a clearly more convenient venue than this Court, in view of YASA's contacts with each venue and the private and public interest factors considered, and that the case should be transferred in the interest of justice.  This Motion is based on the following points and authorities, the Declaration of Michael J. Newton, and the Declaration of Ajay Lukha.

Dated: August 29, 2018

Respectfully submitted,

By:  */s/ Michael J. Newton*
Michael J. Newton (SBN 24003844)
(mike.newton@alston.com)
**ALSTON & BIRD LLP**
2828 North Harwood Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899

Xavier M. Brandwajn (*pro hac vice*
*application forthcoming)*
(xavier.brandwajn@alston.com)
**ALSTON & BIRD LLP**
1950 University Avenue, Suite 500
East Palo Alto, California 94303
Tel: (650) 838-2000
Fax: (650) 838-2001

*Attorneys for Defendant*
*YASA Limited*

1

## STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT

Pursuant to Paragraph 6(H)(2) of the Court's Order re: Civil Procedures, Defendant YASA respectfully submits that the issue that needs to be ruled upon by the Court in connection with the present Motion is whether, after weighing the relevant private interest and public interest factors, the Northern District of California is a clearly more convenient venue than this District to hear this case.  *See* 28 U.S.C § 1404(a); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).  The Court's decision whether to transfer a case pursuant to § 1404(a) is subject to an abuse of discretion standard.  *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Other than Plaintiff StarRotor Corporation ("Plaintiff")'s ostensible desire to file in its home court and to inconvenience Defendant YASA Limited ("YASA") so far from its principal place of business in the United Kingdom, this case has no connection to this District.  YASA does not have any offices, employees, or documents in this District.  And YASA has not made, used, sold, or imported in this District any working electric motor that is accused of infringing the Asserted Patents.

The Northern District of California, however, is a clearly more convenient venue to which this action should be transferred pursuant to 28 U.S.C. § 1404(a).  Each of the private interest factors compels this result.  The ease of access to sources of proof weighs in favor of transfer because the vast majority of YASA's sales have been to customers in the Northern District of California while none have been to customers in Texas.  And because Plaintiff

accuses YASA's customers of direct infringement which YASA allegedly contributed to or induced, the location of those customers' documents and relevant employees in the Northern District of California also strongly favors transfer.  Unlike this Court, the Northern District of California would have subpoena power over the key party and non-party witnesses in this case. The cost of attendance of willing witnesses also favors transfer because of the relatively easier and cheaper travel for YASA employees from the United Kingdom to San Francisco than to Brownsville.  The fact that this case is in its infancy, moreover, means that litigation would not be delayed and thus also guides the Court to transfer.

The public interest factors also either favor transfer or are neutral.  As other courts in this District have found, the court congestion factor favors transfer in light of the much larger average number of criminal cases per judge in this District and the requirement that such cases be given priority over civil cases.  The absence of any infringing act in this District, coupled with the more significant presence of YASA customers and related evidence in northern California, leads to the conclusion that the Northern District of California has a much greater local interest in resolving this dispute than does this District.  Finally, because this is a patent infringement suit which both this Court and the Northern District of California can adjudicate and which is not likely to present conflicts or foreign law issues, the remaining public interest factors are neutral.

For all these reasons, discussed in more detail below, YASA respectfully requests that the Court transfer this case to the Northern District of California.

## II.   STATEMENT OF THE NATURE AND STAGE OF THIS PROCEEDING

### A.   Procedural Background

This case is in its very early stages.  Plaintiff filed this action on February 14, 2018.

(Dkt. No. 1).  The Complaint alleges that YASA has directly infringed, and continues to directly

infringe, U.S. Patent Nos. 7,663,284 and 8,022,586 (collectively, "the Asserted Patents") by

"making, using, importing, offering for sale and/or selling one or more versions of the accused

systems."  (*Id.*, ¶¶15-16, 24-25.)  The Asserted Patents generally purport to disclose inventions in

the field of electric motors.  (*See generally* Dkt. Nos. 2-3.)  The Complaint further alleges that

YASA has indirectly infringed, and continues to indirectly infringe, the Asserted Patents by (i)

"among other things, actively inducing the using, offering for sale, selling and/or importing

Defendant's systems" because "Defendant's customers who purchase and use such motors

directly infringe one or more of the above identified claims of [the Asserted Patents]" (*id.*, ¶¶17-

18, 26-27) and (ii) "contributing to the direct infringement by others including, without

limitation customers use the accused systems, by making, offering to sell, selling and/or

importing into the United States, a component of a patented machine, manufacture or

combination, or an apparatus for use in practicing a patented process" (*id.*, ¶¶19-20, 28-29).

In light of YASA's waiver of service of process, YASA's time to plead in response to the

Complaint is August 29, 2018.  The Initial Case Management Conference is scheduled for

September 25, 2018.

### B.   YASA's Virtually Nonexistent Contacts with this District

YASA is a United Kingdom company with its principal place of business in Kidlington,

near Oxford, United Kingdom.  (Declaration of Ajay Lukha, concurrently filed, ("Lukha Decl."),

¶2.)  YASA designs, manufactures, and sells electric motors, generators, and related controllers. (*Id.*, ¶¶1, 3.)   YASA does not have any offices or other physical presence in Texas, or in the United States more generally.  (*Id.*, ¶2.)  YASA similarly does not employ any person residing in Texas or in the United States more generally.  (*Id.*)

YASA's only transaction involving the State of Texas was in early 2014.  (Lukha Decl., ¶4.)  At that time, YASA loaned a single, non-working, "shell" Y400 electric motor to a company in Houston called OMNI Gear.  (*Id.* & Exh. A.)  The unit loaned to OMNI Gear was a shell because it consisted only of the external casing; it was devoid of any components, magnets, or coils within it (*id.*, ¶4), and as such was incapable of operation.  The shell unit was returned to YASA shortly thereafter.  (*Id.*)  YASA has never made, used, sold, or imported any working, operational accused product in Texas.  (*Id.*, ¶¶3-4.)

### C.   YASA's Substantial Contacts with the Northern District of California

The vast majority—over seventy-eight percent (78%)—of YASA's gross revenue in the United States for sales of working, accused electric motor products has been from customers in the California market.  (Lukha Decl., ¶5.)  Of that revenue for California sales, approximately ninety-two percent (92%) originated from customers located in the San Francisco Bay Area: specifically, in Mountain View, Milpitas, San Carlos, San Jose, and San Francisco.  (*Id.*)  Each of these cities is within the geographical scope of the United States District Court for the Northern District of California.  (*See, e.g.,* https://www.cand.uscourts.gov/jurisdictionmap.)

For sales to its substantial customer base located in the Northern District of California, YASA's approach has generally been to fly employees from the United Kingdom to meet with and support those California customers.  (Lukha Decl., ¶6.)  As a result of those transactions and

interactions with customers in California, those customers would likely have in their possession documents and things, including, without limitation, interface specifications, performance data specifications, quotations, supply agreements, invoices, and shipping receipts.  (*Id.*)  Customers for whom YASA developed customized solutions would also likely retain additional technical documents, including those customers' specification and YASA performance modeling data for different motor configurations.  (*Id.*)

## III.     LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1404(a), the Court may transfer a case "for the convenience of parties and witnesses, in the interest of justice" to any district or division where it might have been brought.  The party seeking to transfer venue must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'"  *In re Volkswagen of Am., Inc. ("Volkswagen II")*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (quoting 28 U.S.C. § 1404(a)); *see also Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 929 (E.D. Tex. 2017). In this case, Fifth Circuit law determines whether transfer is proper under Section 1404(a).  *See Kilbourne v. Apple Inc.*, No. H-17-3283, 2018 WL 3954864, *1 n.1 (S.D. Tex. July 27, 2018) (slip opinion) (citing *Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340, 1352 (Fed. Cir. 2000) (noting that Section 1404(a) is "governed by the law of the regional circuit" in which the district court sits)).  The ultimate decision whether to transfer a case pursuant to § 1404(a) is within the sound discretion of the district court.  *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Peteet.*, 868 F.2d at 1436.

The preliminary inquiry is whether the proposed transferee forum qualifies as a judicial district where the civil action might have been brought under the applicable venue statutes.  *In re*

DEFENDANT'S MOTION TO TRANSFER                                    Case No. 4:18-cv-00453-ASH

*Horseshoe Entm't,* 337 F.3d 429, 433 (5th Cir. 2003).  "If the action could have been brought in the alternate venue, the court must then weigh a series of non-exhaustive private and public interest factors, none of which is given dispositive weight."  *LeBlanc v. C.R. Eng., Inc.*, 961 F. Supp. 2d 819, 830 (N.D. Tex. 2013) (citing *Volkswagen II*, 545 F.3d at 315*); see also Fieldwood Energy LLC v. Ocean Marine Contractors, LLC*, No. 4:14–3694, 2016 WL 8458083, *12 (S.D. Tex. Aug. 24, 2016). The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (internal quotation marks and citation omitted).  The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (internal quotation marks and citation omitted).

In the Fifth Circuit, a plaintiff's choice of venue is not a separate factor in the Section 1404(a) analysis, as the importance of a plaintiff's choice is already taken into account by the significant burden placed on the movant to show good cause for the transfer.  *Id.* at 314 n.10 ("Although a plaintiff's choice of venue is not a distinct factor in the venue transfer analysis, it is nonetheless taken into account as it places a significant burden on the movant to show good cause for the transfer.  Thus, our analysis directly manifests the importance that we must give to the plaintiff's choice.").

As discussed below, consideration of these factors weighs strongly in favor of transfer.

## IV.      ARGUMENT

### A.      This Case Could Have Been Brought in the Northern District of California

The threshold requirement—that the Northern District of California qualify as a judicial district where this civil action might have been brought—is met.  *See Horseshoe Entm't,* 337 F.3d at 433.  Because YASA is a foreign defendant, it could have been sued in any United States judicial district.  *See* 28 U.S.C. § 1391(c)(3) ("a defendant not resident in the United States may be sued in any judicial district…"); *In re HTC Corp.*, 889 F.3d 1349, 1357 (Fed. Cir. 2018) (concluding that that neither the Supreme Court's *TC Heartland* decision nor recent legislative action changed the precedent that a foreign corporation in a patent suit may be sued in any district in the United States).  Hence, the Northern District of California is an appropriate transferee venue.

### B.      The Private Interest Factors Weigh Heavily in Favor of Transfer

The Northern District of California is not only a proper transferee forum, it is also the clearly more convenient forum, in consideration of the relevant private interest factors.

#### 1.      Access to Sources of Proof

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location."  *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009); *see also Spiegelberg v. Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 791-92 (S.D. Tex. 2005) ("Courts have observed that intellectual property infringement suits often focus on the activities of the alleged infringer, its employees, and its documents; therefore the location of the alleged infringer's principal place of business is often the critical and controlling consideration in

DEFENDANT'S MOTION TO TRANSFER                                    Case No. 4:18-cv-00453-ASH

adjudicating transfer of venue motions") (quotation omitted); *Affinity Labs of Tex., LLC v. Blackberry Ltd.*, NO. 6:13–CV–362, 2014 WL 10748106, *6 (W.D. Tex. June 11, 2014) (location of non-party's documents regarding accused products favors transfer).

In the present case, none of the accused infringers' principal places of business, employees, or documents are located in this District. With respect to Plaintiff's claims of direct infringement by YASA, YASA is a United Kingdom company with no established presence in the United States. (Lukha Decl., ¶2.) No employee of YASA is located in this District; indeed, the majority of YASA's employees work and reside in the United Kingdom. (*Id.*) YASA keeps documents and other materials regarding the accused motor designs in the United Kingdom, not in this District. (*Id.*) The only contact YASA has had with this District is a loan to a Houston company called OMNI Gear, in early 2014, of an inoperable, empty external casing of a YASA electric motor devoid of any internal components. (*Id.*, ¶4.) YASA's customers—the vast majority of which are located in the Northern District of California—are likely to still have interface specifications, performance data specifications, quotations, copies of agreements, invoices, and shipping receipts relating to the accused electric motor designs as a result of YASA's travel to and support of those customers. (*Id.*, ¶¶5-6.)

With respect to Plaintiff's claims of indirect infringement, which focus on the underlying accused products and systems made, used, and sold by YASA's customers, none of those customers are located in this District, either. (Lukha Decl., ¶4.) Instead, most of those customers are located in the Northern District of California. (*Id.*, ¶5.) As a result, the documents concerning those customers' products will be located in the Northern District of California. (*See*

*id.*, ¶6.)  The same is true of those customers' employees with knowledge of the about the manufacturing, operation, marketing, and sale of those customers' products.  (*See id.*)

Therefore, the bulk of the key evidence in this case is located in the Northern District of California and in the United Kingdom, but certainly not in this District.  While some of Plaintiff's evidence related to the conception and reduction to practice of the claimed inventions may be located in this District, courts have found the location such evidence to be comparatively less important than the location of evidence kept by accused infringers.  *See, e.g., JPT Group, LLC v. Balenciaga*, NO. H–16–1596, 2017 WL 570959, *3 (S.D. Tex. Feb. 10, 2017); *Kilbourne*, 2018 WL 3954864 at *2-3.  Further, the prosecution history of the Asserted Patents, "to the extent it becomes relevant, is a public record that is available online throughout the United States at the Patent and Trademark Offices' website" and, as such, does not render this District a more convenient forum.  *Kilbourne*, 2018 WL 3954864 at *2-3.  The ease of access to proof thus weighs heavily in favor of transfer.

## 2.    The Availability of Compulsory Process for Unwilling Witnesses

This factor requires consideration of the availability of compulsory process to secure the attendance of unwilling witnesses by a court order.  *Volkswagen II*, 545 F.3d at 316.  A district court may compel a witness to attend a trial, hearing, or deposition that takes place within 100 miles of where the person resides, is employed, or regularly transacts business in person.  Fed. R. Civ. P. 45(c)(1).

This Court has subpoena power over Plaintiff and, in all probability, Plaintiff's witnesses, which have yet to be identified but which YASA anticipates will include at least the inventors of the Asserted Patents, all of whom apparently live in either College Station or Arlington (based on

the face of the Asserted Patents).  This Court, however, has no subpoena power over YASA's

witnesses[1], all of whom reside in the United Kingdom.  Nor does this Court have subpoena

power over any of YASA's customers of the accused products, which Plaintiff alleges are also

direct infringers and none of which reside within 100 miles of this Court.  (*See* Lukha Decl., ¶¶3-

5).  As discussed above, however, most of YASA's customers are located within the Northern

District of California, and YASA regularly transacts business in that district.  (*Id.*, ¶5.)

Plaintiff's allegations that YASA's customers directly infringe make the testimony of the

customer employees with knowledge of the design, manufacturing, operation, and sales of those

customer products and systems (including cars, *see* Dkt. No. 1 at ¶¶18, 27) key evidence

necessary to establish Plaintiff's indirect infringement case.  Accordingly, because the Northern

District of California would have subpoena power over the key party and non-party witnesses in

this case, this factors weighs in favor of transfer.

### 3.      The Cost of Attendance for Willing Witnesses

"In considering the availability and convenience of witnesses, a court must concentrate

primarily upon the availability and convenience of key witnesses."  *JPT Group*, 2017 WL

570959 at *4 (quoting *Remmers v. United States*, No. Civ. A. 1:09-CV-345, 2009 WL 3617597,

---

[1] The fact that certain likely witnesses are employees of YASA does not automatically render them "willing" witnesses for purposes of the venue transfer analysis.  "Some courts in this District have noted that witnesses who are employed by one party to the litigation are often required by their employers to attend and testify at trial, even if they are not within the subpoena power of the Court.  The Court notes that the Federal Circuit has not adopted this approach— even in cases arising within the Fifth Circuit.  Instead, the Federal Circuit evaluates the availability of compulsory process of unwilling witnesses without regard to their status as employees of a party."  *Sandbox Logistics LLC v. Grit Energy Sols. LLC*, No. 3:16-CV-12, 2016 WL 4400312, at *4 (S.D. Tex. Aug. 17, 2016) (citing *In re Toa Techs.*, 543 Fed. Appx. 1006, 1009 (Fed. Cir. 2013); *In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010)).

DEFENDANT'S MOTION TO TRANSFER                                    Case No. 4:18-cv-00453-ASH

at *5 (E.D. Tex. Oct. 28, 2009)).  "In determining whether a particular venue is more convenient

to witnesses, the court should inquire into the nature and quality of the witnesses' potential

testimony with regard to the issues in dispute rather than limit its investigation to a review of

which party can produce the longer witness list."  *Id.* (finding it persuasive that there were more

flights available from the locations of key witnesses to the transferee venue of New York than to

the transferor forum of Houston, and that flights to the transferee venue were substantially

cheaper than to transferor venue).

This factor is "probably the single most important factor in the transfer analysis."

*Genentech*, 566 F.3d at 1343.  "The inconvenience to witnesses increases with the additional

distance to be traveled, including additional travel time, meal, lodging expenses, and time away

from regular employment."  *Davies Innovations, Inc. v. Strum, Ruger & Co.*, NO. 3:15–cv–282,

2016 WL 8114127 at *5 (S. D Texas, July 31, 2016) (citing *In re Volkswagen ("Volkswagen I")*,

371 F.3d 201, 205 (5th Cir. 2004)).  "The Court must also consider the personal costs associated

with being away from work, family, and community."  *Id.* (citing *Acer Am. Corp.*, 626 F.3d at

1255).  Courts in this Circuit "often give greater weight to the relative convenience of key

witnesses and key non-party witnesses in this analysis, and at least one court has noted that 'the

convenience of one key witness may outweigh the convenience of numerous less important

witnesses.'"  *Id.* at 6 (quoting *Mid-Continent Cas. Co. v. Petroleum Sols., Inc.*, 629 F. Supp. 2d

759, 762-63 (S.D. Tex. 2009)).

Here, this factor also weighs in favor of transferring the case to the Northern District of

California.  To the extent YASA's employees having knowledge of the development,

manufacturing, operation, marketing and sales of the accused electric motor designs are

DEFENDANT'S MOTION TO TRANSFER                                    Case No. 4:18-cv-00453-ASH

"willing" witnesses, there are more flight options available, both non-stop and with only one stop, and at much lower average price from London to San Francisco (in the Northern District of California) than there are from London to Brownsville (in this District).  (*See* Declaration of Michael J. Newton, concurrently filed ("Newton Decl."), Exs. 1 & 2.)  This translates to, on average, fewer travel expenses and significantly less time away from family and business for YASA's employees.  *See, e.g., JPT Group*, 2017 WL 570959 at *4.   Further, to the extent any employees of YASA's customers with knowledge of the development, manufacturing, operation, marketing, or sales of those customers' accused products may be willing witnesses, as shown above these individuals are predominantly in the Northern District of California and hence would not require any air travel to attend proceedings in that District.  If this case were to remain in this District, however, representatives of YASA's customers—none of whom are located in this District—would be required to incur travel expenses and time to attend hearings and other proceedings in this District.  Such a result makes no sense in terms of the relative conveniences of such key witnesses of the accused infringers in this case—which, according to Plaintiff, consist of YASA and its customers, none of which are in Texas.  *See Genentech*, 566 F.3d at 1345 ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer") (applying Fifth Circuit law); *Affinity Labs*, 2014 WL 10748106 at *6 (location of non-party's documents regarding accused products favors transfer).  In short, this factor also favors transfer.

### 4.    All Other Practical Problems that Make Trial of a Case Easy, Expeditious and Inexpensive

"For this factor, courts consider whether transfer would delay already protracted litigation."  *Davies*, 2016 WL 8114127, at *7 (citing *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th

Cir. 2013)).  *Accord Kilbourne*, 2018 WL 3954864 at *4 (finding that this factor favored transfer

because "Apple filed its Motion to Transfer promptly, before there had been protracted

litigation").  The "garden-variety delay associated with transfer is not to be taken into

consideration when ruling on a § 1404(a) motion to transfer.  Were it, delay would militate

against transfer in every case."  *In re Radmax*, 720 F.3d at 289.  This case is in its very early

stage, even before the Initial Case Management Conference, and YASA has filed this Motion at

the earliest opportunity before any protracted litigation.  Accordingly, this factor strongly favors

a transfer.

  **C.** **The Public Interest Factors Weigh Heavily in Favor of Transfer**

  In addition, the public interest factors either weigh in favor of transfer or are neutral.

   **5.** **The Administrative Difficulties of Court Congestion Favor a Transfer**

  "To the extent that court congestion is relevant, the speed with which a case can come to

trial and be resolved may be a factor."  *Genentech*, 566 F.3d at 1347 (applying Fifth Circuit law,

and granting mandamus relief from the district court's denial of a motion to transfer venue to the

Northern District of California).  In granting a motion to transfer a patent case from this District

to the Northern District of California, this District has found that "[s]tatistics for 2017 reveal that

the Southern District of Texas had 719 total case filing[s] per judge, while the Northern District

of California had 608."  *Kilbourne*, 2018 WL 3954864 at *5.  "More importantly for the 1404(a)

analysis, the Southern District of Texas had an average of 319 criminal cases per judge, while the

Northern District of California had only 41.  Criminal prosecutions in the Southern District of

Texas, particularly in connection with immigration violations, are likely to increase in 2018."  *Id.*

This District has also found that the "requirement that criminal cases be given priority over civil

cases indicates that this factor weighs in favor of transfer." *Id.* The same reasoning compels an identical finding in the present case.

### 6. The Local Interest of Adjudicating Local Disputes Favor a Transfer

"The local interest factor analyzes the 'factual connection' that a case has with both the transferee and transferor venues." *Davies*, 2016 WL 8114127, at *8 (citing *Volkswagen I*, 371 F.3d at 206). "In a patent infringement action, the preferred forum is that which the center of gravity of the accused activity." *Minka Lighting, Inc. v. Trans Globe Imports, Inc.*, No. 3:02-cv-2538, 2003 WL 2151684, at *3(N.D. Tex. May 23, 2003). "Indeed, the trier of fact ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production." *Id.* at *3

If any judicial district has a local interest in the adjudication of local interests in this case, it is the Northern District of California, not this District. "While the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue, … if there are significant connections between a particular venue and the events that give rise to a suit, this factor should be weighed in that venue's favor." *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) (citations omitted). Here, as discussed above, there has been no sale or other potentially infringing act involving any working accused YASA product in this District or in Texas more broadly. (*See* Lukha Decl., ¶¶3-4.) In contrast, the vast majority of YASA's sales of accused products has been to customers in the Northern District of California. (*Id.*, ¶5.) The events that give rise to Plaintiff's claims in this suit took place in the Northern District of California, not in this District.

Further, a district's local interest in a case is significant where "the cause of action calls into question the work and reputation of several individuals residing in or near that district who presumably conduct business in that community." *Hoffman-La Roche*, 587 F.3d at 1336.  By definition, Plaintiff's claims of contributory and induced infringement by YASA necessarily call into question the alleged underlying direct infringement by customers of YASA's accused electric motors and generators.  None of those customers are in this District.  The vast majority of those customers, however, are in the Northern District of California.  Additionally, as explained above, the witnesses, documents, and things related to those California customers' alleged infringement are predominantly located in the Northern District of California.  "This causes the local interest factor to weigh in favor of transfer." *Kilbourne*, 2018 WL 3954864 at *5 (finding that this factor favored a transfer even considering the countervailing interest in protecting the intellectual property rights of a resident of the transferor venue) (citing *In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008)).  The Northern District of California thus has a significant interest in adjudicating the rights of persons and entities residing and doing business in that community.  This is especially true here, where Plaintiff seeks to enjoin YASA from selling to those California customers entirely (Dkt. No. 1 at 8), which would negatively impact those companies' development and use of electric vehicles using YASA designs.

## 7.    The Familiarity with the Applicable Law Factor is Neutral

Because this case involves the application of federal patent law, which both this District and the Northern District of California can readily apply, this factor is neutral.  *See JPT Group*, 2017 WL 570959 at *4; *Kilbourne*, 2018 WL 3954864 at *6.

16

### 8.    The Conflict of Law and Foreign Law Factor Is Neutral

Since this case only involves the application of United States patent law, there are

unlikely to be any conflicts or foreign law issues.  *See JPT Group*, 2017 WL 570959 at *4;

*Kilbourne*, 2018 WL 3954864 at *6.  Thus, this factor is neutral.

In sum, the public interest factors either weigh heavily in favor of transferring this case to

the Northern District of California or are neutral.

## V.    CONCLUSION

For the foregoing reasons, the Northern District of California is a clearly more convenient

forum to administer this case expeditiously and with less expense to the parties and witnesses.

YASA therefore respectfully requests that this Court transfer the case to the Northern District of

California.

Dated: August 29, 2018                      Respectfully submitted,

By: */s/ Michael J. Newton*
Michael J. Newton (SBN 24003844)
(mike.newton@alston.com)
**ALSTON & BIRD LLP**
2828 North Harwood Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899

Xavier M. Brandwajn (*pro hac vice
application forthcoming)*
(xavier.brandwajn@alston.com)
**ALSTON & BIRD LLP**
1950 University Avenue, Suite 500
East Palo Alto, California 94303
Tel: (650) 838-2000
Fax: (650) 838-2001

*Attorneys for Defendant
YASA Limited*

## <u>CERTIFICATE OF CONFERENCE</u>

YASA Limited's counsel conferred with StarRotor Corporation's counsel, Messrs. Jim Etheridge, Ryan Loveless, and Brett Mangrum, regarding the merits of this motion, on a phone call on August 2, 2018.  After discussing the substance of this motion, Mr. Etheridge stated that StarRotor disagreed and intended to oppose the motion.

*/s/ Michael J. Newton*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record via the Court ECF/CFM system on this 29th day of August, 2018.

*/s/ Michael J. Newton*